1 | ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
2 |   *rzur@elkinskalt.com*
LAUREN N. GANS, State Bar No. 247542
3 |   *lgans@elkinskalt.com*
10345 W. Olympic Blvd.
4 | Los Angeles, California 90064
Telephone: 310.746.4400
5 | Facsimile: 310.746.4499

6 | Proposed Attorneys for Debtor and Debtor-in-
Possession Mowbray Waterman Property, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:25-bk-10542-TA |
| MOWBRAY WATERMAN PROPERTY, LLC, | Chapter 11 |
|     Debtor and Debtor-in-Possession. | **DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP AS GENERAL BANKRUPTCY COUNSEL, EFFECTIVE AS OF FEBRUARY 19, 2025; STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014** |
| | [No Hearing Required Unless Requested Per Local Bankruptcy Rule 2014-1(b)(1)] |

*Left margin vertical text:* ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5591115

1

DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ELKINS KALT WEINTRAUB
REUBEN GARTSIDE LLP AS GENERAL BANKRUPTCY COUNSEL

Mowbray Waterman Property, LLC (the "Debtor"), debtor in the above-referenced Chapter 11 case, hereby submits his application (the "Application"), pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2014-1(b), for an order authorizing the Debtor to employ the law firm Elkins Kalt Weintraub Reuben Gartside LLP ("EK") as the Debtor's general bankruptcy counsel in the above-captioned Chapter 11 case, effective as of February 19, 2025, on the terms specified in this Application.

Appended to this Application are: (1) the *Statement of Disinterestedness For Employment of Professional Person Under FRBP 2014* (the "Statement of Disinterestedness"); (2) the resumes of Roye Zur and Lauren N. Gans, the attorneys at EK who are expected to render services on behalf of the Debtor in this matter; and (3) the pre-petition Engagement Agreement between EK and the Debtor.

## I.    BACKGROUND FACTS

### A.    General Background and Events Precipitating the Debtor's Bankruptcy Filing

The Debtor is a California limited liability company.  Robin Mowbray, a debtor in bankruptcy case no. 8:25-bk-10543-TA, is the Debtor's managing member and 51% owner, with the remaining 49% owned by the Gloria Mowbray Separate Property Trust, a special needs trust of which Robin Mowbray is the Trustee, and her father, John Mowbray is the beneficiary. The Debtor has no employees but contracts with Robin Mowbray to provide various management services.

The Debtor owns five real properties in California (two of which are income-generating) collectively valued at approximately $10,000,000 and generating approximately $40,000 in monthly revenue:  (1) 686 E. Mill St., San Bernardino, CA; (2) 386 Allen St., San Bernardino, CA; (3) 9546 Elder Creek Rd., Sacramento, CA; (4) 17332 Millwood St., Visalia, CA; and (5) 171 S. Waterman Ave., San Bernardino, CA.

The Debtor has two secured creditors:  (1) Bank of the Sierra ("BOTS"), which has a lien on the Mill St. property to a secure an approximate $2.9 million obligation, and (2) PNC Bank, N.A. ("PNC") which has liens on the Allen St. and Elder Creek Rd. properties.  The Debtor is a guarantor of the approximate $7 million debt to PNC Bank owed by the Debtor's affiliate, The Original

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP AS GENERAL BANKRUPTCY COUNSEL

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1   Mowbray's Tree Service, Inc. ("MTS"), the debtor in Case No. 8:24-bk-12674-TA.  In July 2024,

2   the Debtor provided the liens to PNC in connection with a forbearance agreement between MTS

3   and PNC.

4       **B.**      **Events Leading to the Debtor's Bankruptcy Case**

5       The Debtor is a defendant in state court litigation brought by Ronnie Jordan (the "Jordan

6   Litigation") – namely, the case entitled *Ronnie D. Jordan v. The Original Mowbray's Tree Service,*

7   *Inc., et al.* (San Bernardino County Superior Court Case Number CIVSB2201281).  Mr. Jordan was

8   the CEO of MTS from May 2018 to November or December 2020, and MTS terminated Mr. Jordan's

9   employment on January 7, 2022.  Mr. Jordan sued MTS asserting, among other things, that he is

10  entitled to $7.2 million to $15.2 million in compensation pursuant to alleged enforceable written

11  and oral agreements.  In addition to seeking millions of dollars in damages against MTS, Mr. Jordan

12  also is seeking damages against the Debtor, claiming to have also been employed by the Debtor.

13  The Debtor denies that Mr. Jordan ever was employed by the Debtor or that there is any basis for

14  liability to Mr. Jordan.

15      Trial was set to begin in the Jordan Litigation in February 2025.  The Debtor was compelled

16  to file this case to protect its business and the value of its estate for all stakeholders, while

17  restructuring the Debtor's legitimate obligations in an orderly and fair and equitable manner.

18      On February 19, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief

19  under Chapter 11 of the Bankruptcy Code.

20  **II.**    **QUALIFICATIONS OF EK**

21      EK is a full-service law firm based in Los Angeles that comprises approximately 60

22  attorneys.  EK's attorneys, Roye Zur and Lauren N. Gans, are well-recognized members of the bar

23  with significant experience in bankruptcy matters.  Mr. Zur and Ms. Gans regularly represent parties

24  in bankruptcy cases, and have served as counsel to debtors, trustees, unsecured creditors'

25  committees, asset purchasers, creditors, and equity holders in mid-market and large Chapter 7 and

26  11 cases.  Their resumes are attached hereto as Exhibit "B."

27      EK is familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy

28  Rules, and the Guidelines of the OUST, and will comply with them.

5591115                                            2

1    Based on the foregoing, the Debtor believes that EK and its attorneys are well-qualified to

2    represent it in the Debtor's Chapter 11 case.

3    **III.    SCOPE OF EK'S PROPOSED RETENTION**

4    The Debtor proposes to retain EK as its general bankruptcy counsel, effective as of February

5    19, 2025 – *i.e.*, the Petition Date.  The scope of EK's proposed retention includes:

6    (a)    advising the Debtor with respect to its duties, powers, and responsibilities, in the

7    Debtor's bankruptcy case;

8    (b) ensuring that the Debtor complies with the Bankruptcy Code, the Bankruptcy Rules, and

9    the Local Bankruptcy Rules;

10    (c)    advising the Debtor with respect to the various options available for resolution of the

11    bankruptcy case, including liquidation of the Debtor's assets, and the filing of a plan of

12    reorganization;

13    (d)    preparing on behalf of the Debtor all legal documents as may be necessary;

14    (e)    examining and advising the Debtor on claims and causes of action that may belong to

15    the Debtor's estate; and

16    (f)    performing such other legal services as may be required by the Debtor.

17    **IV.    EK'S PROSPECTIVE EMPLOYMENT COMPLIES WITH THE BANKRUPTCY**

18    **CODE, THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL**

19    **BANKRUPTCY RULES OF THIS COURT, AND THE GUIDELINES OF THE**

20    **OFFICE OF THE UNITED STATES TRUSTEE**

21    **A.    Absence of Adverse Interests**

22    To the best of the Debtor's knowledge, and as set forth in the Statement of Disinterestedness,

23    EK is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and does not hold or

24    represent any interest adverse to the estate.  Except as set forth in the Statement of Disinterestedness,

25    EK does not have any connections with the Debtor, creditors, any other party in interest, their

26    respective attorneys and accountants, the Office of the United States Trustee ("UST"), or any person

27    employed in the Office of the UST.

28    Concurrently with the filing of this Application, Robin Elaine Mowbray ("Robin"), the

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1   debtor in Case No. 8:25-bk-10543-TA, is filing her application to employ EK as her general

2   bankruptcy counsel in that case.  Ms. Mowbray is the managing member of the Debtor.

3       EK does not believe that there is any conflict in its representation of the Debtor and Ms.

4   Mowbray notwithstanding that they are co-obligors on the debts owed to BOTS and PNC, and are

5   co-defendants in the Jordan Litigation.  EK will remain vigilant to ensure that no known conflict

6   exists in its concurrent representation of the Debtor and Ms. Mowbray.  In the future, if any fact is

7   discovered that may create an actual conflict or that bears upon EK's continued disinterestedness,

8   EK will give notice to the Court, the UST, and those interested parties entitled to notice.

9       **B.**     **Fee and Expense Schedule**

10      The hourly rate of Mr. Zur is $695 and the hourly rate for Ms. Gans is $575.  These rates

11  are the hourly billing rates that EK currently charges for new clients of Mr. Zur and Ms. Gans.  EK

12  has advised the Debtor that it may adjust its customary hourly billing rates in amounts that are

13  reasonable and competitive with those of comparable firms.  EK will timely notify the Debtor, the

14  Office of the United States, the Court, and all other interested parties of any such changes.

15      **C.**     **Disclosure of Retainer**

16      Prior to the Petition Date, EK received retainers totaling $88,000.00 for legal services in

17  contemplation of and in connection with the Debtor's Chapter 11 case.  The source of the retainer

18  was the Debtor. On the Petition Date, the amount of the retainer remaining was $35,845.00 (the

19  "Remaining Retainer").

20      **D.**     **Compensation of EK**

21      EK requests authorization to draw down on the Remaining Retainer in accordance with the

22  *Guide to Applications for Retainers, and Professional and Insider Compensation* (the

23  "Compensation Guide") issued by the Office of the UST.  The Remaining Retainer will be an

24  advanced fee payment retainer, which EK will continue to maintain in its segregated client trust

25  account.  As required by the Compensation Guide:

26      1)      EK will submit to the UST a monthly Professional Fee Statement no later than the

27  20th day after the end of the month during which professional services were rendered, together with

28  documentation supporting the charges for the professional services and expenses in the form

DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ELKINS KALT WEINTRAUB
REUBEN GARTSIDE LLP AS GENERAL BANKRUPTCY COUNSEL

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1    required for professional fee applications.  In addition, a copy of the Professional Fee Statement

2    (without the supporting documentation) will be filed and served on the 20 largest unsecured

3    creditors and on those parties who have requested special notice.  The Professional Fee Statement

4    will include a statement that the supporting documentation can be obtained from EK upon request.

5    2)    The Professional Fee Statement will explicitly state the fees and costs will be

6    withdrawn from EK's client trust account in the amount requested without further notice or hearing,

7    unless an objection is filed with the clerk of the Court and served upon EK within 10 days after

8    service of the Professional Fee Statement.  If no objection is timely filed and served, EK will be

9    authorized to withdraw the requested compensation without further notice, hearing, or order.  If an

10    objection is filed, EK will refrain from withdrawing any funds until the objection has been resolved

11    by the Court.

12    3)    Notwithstanding the submission of Professional Fee Statement, EK will remain

13    required to submit interim fee applications to the Court.  Once the amount of the Remaining Retainer

14    has been exhausted, no further Professional Fee Statements will be filed.

15    4)    Neither the UST nor any party in interest will be estopped from raising objections to

16    any charge or expense in any professional fee application filed with the Court on the ground that no

17    objection was lodged to the Professional Fee Statement.

18    **E.    Disclosure of Employment Agreement**

19    EK will receive compensation solely from the Debtor's estate on the terms set forth herein.

20    With the exception of this Application and the Engagement Agreement, there is no other agreement

21    regarding EK's employment and there are no arrangements between EK and any other entity for the

22    sharing of compensation received or to be received in connection with the case, except insofar as

23    compensation may be shared among members of EK.

24    **V.    EFFECTIVE DATE OF EMPLOYMENT**

25    The Debtor requests that EK's employment be approved as of February 19, 2025 – *i.e.*, the

26    Petition Date.

27    / / /

28    / / /

5591115

5

1    **WHEREFORE**, the Debtor respectfully request that the Court enter an order: (a) approving

2  the Application; (b) authorizing the Debtor to employ EK as its general bankruptcy counsel,

3  effective as of February 19, 2025, with compensation and reimbursement of expenses to be paid as

4  an administrative expense in such amounts as this Court may hereafter allow.

5

6  DATED: March 12, 2025

7

8                                        _____
                                         Mowbray Waterman Property, LLC

9
                                         By:  Robin E. Mowbray, Its Managing Member
10

11  Respectfully submitted by:

12

13  DATED: March 12, 2025           ELKINS KALT WEINTRAUB REUBEN
                                    GARTSIDE LLP
14

15                                  By: _____

16                                       **ROYE ZUR**
                                         **LAUREN N. GANS**
17                                       Proposed Attorneys for Debtor and Debtor-in-
                                         Possession Mowbray Waterman Property, LLC
18

19

20

21

22

23

24

25

26

27

28

5591115

6

# EXHIBIT A

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP<br>ROYE ZUR, State Bar No. 273875<br>  rzur@elkinskalt.com<br>LAUREN N. GANS, State Bar No. 247542<br>  lgans@elkinskalt.com<br>10345 W. Olympic Blvd.<br>Los Angeles, California 90064<br>Telephone: 310.746.4400<br>Facsimile: 310.746.4499 | |
| *Attorney for:* Debtor Mowbray Waterman Property, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:25-bk-10542-TA<br>CHAPTER: 11<br><br>**STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014**<br><br>**(File with Application for Employment)**<br><br>[No Hearing Required] |
|---|---|

1. Name, address and telephone number of the professional (Professional) submitting this Statement:

   Roye Zur and Lauren N. Gans
   Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W. Olympic Blvd., Los Angeles, CA 90064
   T: (310) 746.4400
   Email: rzur@elkinskalt.com and lgans@elkinskalt.com

2. The services to be rendered by the Professional in this case are *(specify)*:
   General bankruptcy counsel for the Debtor as set forth in the concurrently-filed Debtor's Application for Order Authorizing Elkins Kalt Weintraub Reuben Gartside LLP as General Bankruptcy Counsel, Effective as of Febraury 19, 2025 (the "Application").

3. The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:
   EK will employ the procedure set forth in the US Trustee's Guide to Applications for Retainers, and Professional and Insider Compensation with respect to the Remaining Retainer held by EK.  EK shall seek fees and reimbursement of costs that will be subject to approval by the Court pursuant to Section 330 and 331 of the Bankruptcy Code; source of the compensation shall be the Debtor's bankruptcy estate.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1                    **F 2014-1.STMT.DISINTEREST.PROF**

4.  The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:
    EK is holding an advance against fees retainer of $35,845.00.  The source of the retainer was the Debtor.

5.  The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:
    EK conducted a standard conflicts check using the names of the Debtor, its beneficial owners, and all creditors (and their counsel, if known).

6.  The following is a complete description of all of the Professional's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee *(specify, attaching extra pages as necessary)*:
    EK represents the Debtor's managing member, Robin Mowbray, in Case No. 8:25-bk-10543-TA.  EK also represents Phoenix Traffic Management, Inc. ("PTM"), which is wholly-owned by Ms. Mowbray, in connection with discovery sought by various litigants and a motion for substantive consolidation filed in Case No. 8:24-bk-12674-TA.

7.  The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows *(specify, attaching extra pages as necessary)*:
    N/A.

8.  The Professional is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor.

9.  The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:
    N/A.

10. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:
    Roye Zur, partner with Elkins Kalt Weintraub Reuben Gartside LLP
    10345 W. Olympic Blvd.
    Los Angeles, CA 90064
    T: (310) 746.4400
    F: (310) 746.4499
    Email: rzur@elkinskalt.com

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 2                          **F 2014-1.STMT.DISINTEREST.PROF**

11. The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows *(specify, attaching extra pages as necessary)*:

N/A.

12. Total number of attached pages of supporting documentation:  0

13. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct except that I declare that paragraphs 6 through 9 are stated on information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/13/2025 | Roye Zur | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# EXHIBIT B

## <u>ROYE ZUR RESUME</u>

**BAR ADMISSIONS**
State Bar of California
Third Circuit Court of Appeals
Ninth Circuit Court of Appeals

**EDUCATION**
J.D., University of Southern California Gould School of Law
B.A., University of California, Los Angeles (cum laude)

Roye represents clients in bankruptcy and out-of-court restructuring transactions, bankruptcy and commercial litigation and, if necessary, appeal. Roye has represented entities in a variety of bankruptcy cases and adversary proceedings, including the committee of unsecured creditors in In re Airport Van Rental, Inc., et al., the committee of unsecured creditors in In re Solid Landings Behavioral Health, Inc., et al., the equity committee in In re RMS Titanic, Inc., the Chapter 11 debtors in In re Tamrac, Inc., In re FirstFed Financial Corp., and litigation against the Federal Deposit Insurance Corporation; the Chapter 11 debtor in In re First Regional Bancorp; the Chapter 7 trustee in In re Point Center Financial, Inc.; the Chapter 11 trustee in In re Arnold Klein, M.D.; the liquidating trustee in the AirFastTickets bankruptcy case, and in litigation against insiders; Toyota Motor Sales, U.S.A., Inc., the largest creditor in the Dimitrios P. Biller Chapter 11 bankruptcy case; a prestigious Delaware law firm in the EMAK Worldwide, Inc. Chapter 11 bankruptcy case; Level 3 Communications, LLC in the TCAST Communications, Inc. Chapter 11 bankruptcy case; and the reorganized debtor in In re Meruelo Maddux Properties, Inc., and multi-party litigation resulting from the confirmed Chapter 11 plan of reorganization in that case.

Roye also represents and has represented entities and individuals in the entertainment industry in the Chapter 11 cases of The Weinstein Company, LLC, Relativity Media, LLC, and Open Road Films, LLC.

Prior to entering private practice, Roye served as a law clerk to the Honorable Maureen A. Tighe, United States Bankruptcy Judge for the Central District of California, the Honorable Geraldine Mund, and the Honorable Robin L. Riblet.

**RECOGNITIONS**
Southern California Super Lawyers "Rising Star" (2014-2023)
Public Counsel's Debtor Assistance Project Pro Bono Award (2013)

**ASSOCIATIONS**
Los Angeles Bankruptcy Forum
American Bankruptcy Institute
Turnaround Management Association

1361273

**PUBLICATIONS**

Appellate Standing: The Ninth Circuit Shakes Things Up, ABI Journal (September 2019).

Preserving Estate Causes of Action for Post-Confirmation Litigation, 32 CAL. BANKR. J. 427 (2013).

# LAUREN GANS RESUME

**BAR ADMISSIONS**
State Bar of California

**EDUCATION**
J.D., Fordham University School of Law, *cum laude*
B.A., York University, *cum laude*

Lauren has a broad range of experience counseling and representing clients in bankruptcy, corporate restructuring, and litigation matters in federal and state courts.  Lauren has represented chapter 11 debtors, creditors' committees, trustees, secured and unsecured creditors, equity holders and insurance companies in all aspects of corporate bankruptcy and bankruptcy-related litigation, as well as plaintiffs and defendants in commercial litigation across various industries.

Lauren has significant experience representing small business debtors, and has obtained confirmation of multiple chapter 11, subchapter V plans of reorganization allowing for the preservation of the debtor's individual owners' equity rights. Lauren's practice has also focused on representing both debtor and non-debtor spouses in bankruptcy cases involving complex family law issues. Lauren regularly represents lenders and property owners in bankruptcies and out-of-court negotiations.

**RECOGNITIONS**
Southern California Super Lawyers "Rising Star" (2014-2019)

5192154

# EXHIBIT C

**ELKINS KALT**

Roye Zur
D: 310.746.4495
RZur@elkinskalt.com

Elkins Kalt Weintraub Reuben Gartside LLP

August 8, 2024

**VIA E-MAIL**

Mowbray Waterman Property, LLC
Attn: Robin Mowbray, Manager
686 E. Mill St., 2nd Floor
San Bernardino, CA 92408
E-mail: richard@mowbrays.com

Re:    Terms of Engagement for Legal Services

Dear Ms. Mowbray:

We appreciate that Mowbray Waterman Property, LLC ("you") have asked Elkins Kalt Weintraub Reuben Gartside LLP ("us" or the "Firm") to provide you with advice in connection with a potential bankruptcy filing.  In the event that you decide to file a Chapter 11 bankruptcy case and wish to engage the Firm to represent you in that matter, we will require a new engagement agreement and an additional retainer.  This letter sets forth the terms of our proposed engagement, and constitutes an agreement between us (the "Agreement").

1.    **Our client(s); terms of this engagement as well as of existing and future engagements.**  This Agreement governs our representation of you only and not of any other party, including any of your parent, subsidiary, affiliate or related persons or entities (collectively, "Affiliates"), unless such party is named in the preceding paragraph and included within the definition of "you."  This Agreement shall not affect our existing or future representation of any Affiliate pursuant to any other engagement letter.  This Agreement sets forth our entire agreement for rendering professional services for the current matter identified above, as well as for all other existing or future engagements with you.

2.    **Intake procedures.**  Our engagement is subject to and effective upon completion of our normal intake procedures, including receipt of a signed hard copy, facsimile or electronically delivered copy of this Agreement together with any retainers required, and completion of a check for potential conflicts of interest.  You represent that you have disclosed, and promptly will disclose, to us in writing all persons and entities that may have an interest (including adverse and

Mowbray Waterman Property, LLC
August 8, 2024
Page 2

non-adverse interests) in this matter so that we may avoid any conflicts of interest. When this Agreement becomes effective, it will relate back to the first day we provided legal services to you with respect to this matter or any other matter for which there is no separate written agreement.

3.    **Fees.** Services will be rendered at hourly rates for our attorneys and other personnel (such as paralegals and assistants) prevailing at the time services are rendered. My hourly rate is $640/hr. The hourly rates for other attorneys at the Firm who may also render services in this matter, Michael Gottfried and Lauren Gans, are $740/hour and $550/hour, respectively. Our rates change from time to time, generally in January. When billing, our fees and time entries will reflect and take into account the time actually spent, the value of the services performed and all other factors allowed by law. For services rendered, we bill in minimum 1/10 of an hour increments, even if the actual time for services rendered is less. At your request, we may attempt to estimate our fees and costs; however, it is extremely difficult to make such estimates in large part because of variables that we do not control. Accordingly, our actual fees and costs may vary significantly from such estimates.

4.    **Charges.** In addition to fees for services, the Firm will charge you separately for various costs incurred in our representation of you including messengers, computerized research, word processing, document reproduction (scanning, printing, and photocopying), travel, transcripts, parking, filing fees, telephone toll calls, secretarial overtime (where attributable to your special needs), notary charges, experts and other consultants retained on your behalf, and other similar items. By executing this Agreement, you are agreeing to pay for these charges in accordance with the Firm's schedule of charges, a copy of which is available on request, and which may be revised from time to time without notice. You are also responsible for all charges and expenses that we advance on your behalf. Where significant or unusual third-party payments are required (e.g., co-counsel fees, expert fees, special studies, extensive transcripts or filing fees), we will normally forward these to you for direct payment or obtain advance funds from you to cover the charge. If we advance funds for you, they will be added to the invoice.

5.    **Retainer.** In this matter, we are requesting (and have received) a $8,000.00 retainer in consideration for your agreement to pay all bills on presentation. We may require an additional retainer in the future. For example, if your matter involves litigation or the filing of a Chapter 11 bankruptcy case, our normal practice is to require an additional retainer. The amount of this retainer is usually substantially higher than our initial retainer. A retainer is not an estimate of the total charges which may be incurred.

A retainer is an advance or deposit which is applied as fees and charges are incurred. In the event of any duplicate or overpayments, we will transfer such funds to our trust account as a retainer. At the end of our engagement, our final charges will be applied against the retainer and

5424940

Mowbray Waterman Property, LLC
August 8, 2024
Page 3

the balance of the retainer, if any, will be refunded, or the balance due must be paid by you. By signing this Agreement, you are authorizing us to withdraw amounts from the trust account containing any retainer to pay your statements as billed on any matter for you.

6. **Billing statements; carrying charges on unpaid balances.** Except as otherwise agreed, we will bill you on a monthly basis, and you agree to pay us immediately upon receipt of our bill. Each signatory to this Agreement is jointly and severally responsible for our fees and charges and each represents that he, she or it has full authority to execute this Agreement on behalf of the entity for which he, she or it has executed this Agreement. If you have any questions about a billing statement, please call them to our attention promptly, but in any event no later than thirty (30) days after you receive the statement. You may have the billing statement in any reasonable format you choose, but we will select an initial format for the statement unless you otherwise request a different format in writing. If we do not receive payment by the end of the month following the month in which we issue our statement, you agree to pay a late charge at the rate of 10% per annum on the unpaid balance of the statement from the invoice's date.

7. **Lien.** You hereby grant the Firm a lien on any and all claims that are the subject of the Firm's representation under this Agreement. The Firm's lien will be for any sums owing to the Firm for any unpaid attorney's fees, costs and expenses at the conclusion of the Firm's services. The lien will attach to any recovery you may obtain, whether by arbitration award, judgment, settlement or otherwise. An effect of such a lien is that the Firm may be able to compel payment of fees, costs and expenses from any such funds recovered on your behalf even if the Firm has been discharged before the end of the case. As to costs and expenses, the lien shall exist and attach to any recovery only for costs and expenses already advanced by the Firm pursuant to Paragraph 4. Because a lien may affect your property rights, You may seek the advice of an independent lawyer of your own choice before agreeing to such a lien. You represent and agree that you have had a reasonable opportunity to consult such an independent lawyer and – whether or not you have chosen to consult such an independent lawyer – you agree that the Firm will have a lien as specified above.

8. **Termination.** Either party may terminate our services at any time upon written notice. Our representation as to each matter covered by this Agreement will end at the earliest of (a) your termination of our representation, (b) our withdrawal, approved by a court, if necessary, or (c) the substantial completion of our substantive work. If our services are terminated for any reason, such termination shall be effectively only to terminate our services prospectively and all the other terms of the Agreement shall survive any such termination, including your obligation to pay for all of our fees for legal services rendered and for expenses incurred by us prior to termination.

5424940

Mowbray Waterman Property, LLC
August 8, 2024
Page 4

9.    **Duties upon end of active involvement.**  Upon cessation of our active involvement in a particular matter, we will have no further duty to inform you of future developments or changes in law even if we may be expected to provide related services in the future.  Further, unless you and we mutually agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines on your behalf.

10.    **Retention and return of your files.**  All of your files will be retained and disposed of in compliance with our policy in effect from time to time.  Subject to future changes, it is our current policy not to retain client files for more than two years from the date the matter is concluded or the last bill has been sent.  We will return your files to you at any time prior to their destruction upon receipt of your written instructions with respect thereto.  It is not administratively feasible for us to advise you of the closing of a matter or the disposal of your files, although we may attempt to give you 30 days' notice at your address on this letter.  We recommend, therefore, that you maintain your own files for reference or make written request for your files at the conclusion of a matter.  If you have any questions concerning our file retention policies, please contact us.

11.    **No guarantee of success.**  It is impossible to provide any promise or guarantee about the outcome of your matters.  Nothing in this Agreement or any statements by our staff or attorneys constitutes a promise or guarantee.  Any comments about the outcome of your matter are expressions of opinion only.

12.    **ARBITRATION AND WAIVER OF JURY TRIAL.  WE HOPE THAT WE MAY HAVE A MUTUALLY BENEFICIAL RELATIONSHIP, BUT WE REALIZE THAT SOMETIMES DISPUTES ARISE.  THIS PARAGRAPH EVIDENCES AN ADDITIONAL AGREEMENT TO ARBITRATE DISPUTES.**

**ANY DISPUTE BETWEEN YOU AND US IS SUBJECT TO ARBITRATION AS FOLLOWS.**

**ANY DISPUTE BETWEEN YOU AND US (INCLUDING, WITHOUT LIMITATION, ANY INDIVIDUAL ATTORNEY AT THE FIRM) ABOUT FEES AND/OR COSTS OWED BY YOU FOR OUR SERVICES SHALL, IN THE FIRST INSTANCE, BE SUBJECT TO ARBITRATION PURSUANT TO THE CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 6200 PROGRAM ("SECTION 6200 ARBITRATION").**

**HOWEVER, ANY DISPUTE ABOUT FEES AND/OR COSTS YOU OWE US SHALL BE SUBJECT TO BINDING ARBITRATION AS OUTLINED IN THE PARAGRAPHS BELOW IN THE EVENT THAT (1) YOU WAIVE YOUR RIGHT TO A SECTION 6200 ARBITRATION, OR (2) EITHER PARTY DOES NOT ACCEPT AS**

Mowbray Waterman Property, LLC
August 8, 2024
Page 5

**BINDING THE INITIAL ARBITRATION AWARD RENDERED IN A SECTION 6200 ARBITRATION.**

**ALL OTHER DISPUTES, INCLUDING, WITHOUT LIMITATION, AS TO FEES AND/OR COSTS UNDER CIRCUMSTANCES OUTLINED IN THE PRECEDING PARAGRAPH, AS WELL AS ANY OTHER DISPUTE IN CONTRACT OR TORT, BASED UPON, ARISING OUT OF OR RELATING TO THIS AGREEMENT OR TO OUR RELATIONSHIP, OUR ENGAGEMENT AND/OR OUR PERFORMANCE OR FAILURE TO PERFORM SERVICES (INCLUDING, WITHOUT LIMITATION, CLAIMS OF BREACH OF DUTY OR PROFESSIONAL NEGLIGENCE) IS SUBJECT TO BINDING ARBITRATION.**

**ALL QUESTIONS REGARDING THE ARBITRABILITY OF THE DISPUTE, INCLUDING WHETHER WE HAVE AGREED TO ARBITRATE THE DISPUTE, SHALL BE DECIDED BY SUCH ARBITRATION.**

**THIS AGREEMENT TO ARBITRATE ALL DISPUTES BETWEEN US APPLIES EVEN IF SOME PERSON OR ENTITY CLAIMS THAT THIS AGREEMENT IS VOID, VOIDABLE OR UNENFORCEABLE FOR ANY REASON.**

**BY AGREEING TO ARBITRATE, ALL PARTIES ARE WAIVING THEIR RIGHT TO JURY TRIAL AND THEIR RIGHT TO CONDUCT DISCOVERY (EXCEPT AS THE ARBITRATOR MAY PERMIT). ALL PARTIES ACKNOWLEDGE THAT AN APPEAL OR CHALLENGE OF AN ARBITRATOR'S AWARD MAY OCCUR ONLY UNDER LIMITED CIRCUMSTANCES.**

**Further, by agreeing to arbitrate, all parties are agreeing to pay an equal portion of the arbitrator's fees.**

**The arbitration shall be held in the County of Los Angeles before ADR Services, Inc. pursuant to the then-applicable ADR Services, Inc. Arbitration Rules. You irrevocably and unconditionally consent to personal jurisdiction in California and venue in Los Angeles, in any action, including without limitation petitions to compel arbitration concerning a dispute between the parties or relating to this agreement.**

**The arbitration, and all aspects thereof (arguments, testimony, evidence, the decision, etc.), shall be confidential, except when used in the course of a judicial proceeding (e.g., to confirm, vacate or modify the award) or regulatory proceeding, as may be requested by a governmental entity or as otherwise required by law.**

5424940

Mowbray Waterman Property, LLC
August 8, 2024
Page 6

**Judgment on the arbitrator's award shall be final and binding, and may be entered in any competent court.**

**This agreement to arbitrate shall survive the termination of our representation or this agreement.**

**As provided under California Code of Civil Procedure section 1290.4, the parties further agree that service of any petition to compel arbitration or any petition to confirm an arbitration award, as well as any notice of hearing or any other papers served in connection with such petitions, shall be sufficient if served by regular mail or by email.**

13.     **Miscellaneous.**  This Agreement is governed by California law and is intended to be our entire agreement for rendering professional services.  It can be amended or modified only in writing.  This Agreement may be signed in one or more counterparts and delivered by facsimile or other electronic method.  This Agreement binds each party signing it whether or not any other proposed signatory ever executes it.  If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.  Except as expressly set forth in this Agreement, the failure by either party to assert any right or remedy under this Agreement or otherwise or to act in the event of any breach hereunder will not operate or be construed as a waiver of any rights or remedies such party may have under this Agreement or otherwise.  **We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so.  If you wish advice, you should consult independent counsel of your choice.**

Please sign and return the enclosed acknowledgment copy of this Agreement along with your check (or wire transfer) for our retainer at your earliest convenience.

Very truly yours,

ROYE ZUR
Elkins Kalt Weintraub Reuben Gartside LLP

rz:rz

5424940

Mowbray Waterman Property, LLC
August 8, 2024
Page 7

The undersigned has read and understood this Agreement. **The undersigned acknowledges that (a) this Agreement is subject to binding arbitration as provided in the paragraph above entitled "ARBITRATION AND WAIVER OF JURY TRIAL"; and (b) under no circumstances does Elkins Kalt Weintraub Reuben Gartside LLP accept representation of any person unless and until that person specifically is identified as a client of the Firm in an engagement letter signed both by that person and by the Firm.** The foregoing accurately sets forth all the terms of your engagement, and is approved and accepted as of the date of this letter.

| | |
|---|---|
| Signature: | |
| Print Name: | Ruben Sainos |
| Title: | CFO |
| Federal Employer I.D. Number: | 82-2426229 |
| Email Address: | Ruben.Sainos@mowbrays.com |
| Office Telephone Number: | 909-361-2577 |
| Home Telephone Number: | |
| Cellphone Number: | 909-361-2577 |

**BILLING INSTRUCTIONS:**

Billing delivery can be handled via U.S. Mail or electronically via e-mail. Please check below whether you would like your invoices sent by U.S. Mail or E-mail.:

U.S. Mail _____
E-Mail _____x_____ If so, please provide e-mail address: Ruben.Sainos@mowbrays.com ___

If neither is checked, you will receive your invoices via U.S. Mail.

5424940

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10345 W. Olympic Blvd., Los Angeles, California 90064

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP AS GENERAL BANKRUPTCY COUNSEL, EFFECTIVE AS OF FEBRUARY 19, 2025; STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 13, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lauren N Gans**   lgans@elkinskalt.com, TParizad@elkinskalt.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Ahren A Tiller**   ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) March 13, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 13, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 13, 2025 | Lauren B. Wageman | /s/ Lauren B. Wageman |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**