ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
LAUREN N. GANS, State Bar No. 247542
  *lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Proposed Attorneys for Debtor and Debtor-in-Possession Mowbray Waterman Property, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br>　　　　Debtor and Debtor-in-Possession. | Case No. 8:25-bk-10542-TA<br><br>Chapter 11<br><br>**STIPULATION AUTHORIZING USE OF CASH COLLATERAL**<br><br>[No Hearing Required]<br><br><br>Hon. Theodor C. Albert |

5595560

1

STIPULATION AUTHORIZING USE OF CASH COLLATERAL

This Stipulation is entered into by and between Mowbray Waterman Property, LLC (the "Debtor"), debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "Chapter 11 Case"), on one hand, and secured creditor Bank of the Sierra, a California corporation ("BOTS"), on the other hand. The Debtor and BOTS collectively are referred to herein as the "Parties."

**RECITALS**

A.    On or about July 1, 2020, BOTS made a loan to the Debtor in the original principal amount of $2,990,000.00 (the "Loan"). The Loan is evidenced by a promissory note executed by the Debtor in favor of BOTS in the original amount of $2,990,000.00 (the "Note"). The Note is secured by a deed of trust (the "Deed of Trust") executed by the Debtor in favor of BOTS, pursuant to which the Debtor granted BOTS a security interest in the real property located at 686 E. Mill St., San Bernardino, CA 92415 (the "Property") as security for the Note.

B.    The Debtor's obligations on the Note are guaranteed by Robin Mowbray and The Original Mowbray's Tree Service, Inc. ("MTS") pursuant to certain Commercial Guaranties dated July 1, 2020.

C.    On February 19, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

D.    As of the Petition Date, the Debtor owed BOTS approximately $2,625,058.57 under the Loan, consisting of $2,624,029.14 in principal and $1,029.43 in unpaid accrued interest, as set forth in Claim No. 1 filed by BOTS on March 3, 2025, which is secured by a first priority lien in favor of BOTS in the Property.

E.    BOTS holds a security interest in the Debtor's cash collateral. The Debtor asserts that it requires the use of such cash collateral, as that term is defined in section 363 of the Bankruptcy Code ("Cash Collateral"), to pay reasonable and necessary expenses of operating the Debtor's business and administering its Chapter 11 Case.

F.    The Parties have reached an agreement on the Debtor's use of Cash Collateral in the Chapter 11 Case, on an interim basis, on the terms and conditions set forth below.

///

///

## STIPULATION

**NOW, THEREFORE,** based on the above Recitals and in consideration of the mutual provisions, covenants, and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties hereby agree and stipulate as follows.

1. <u>Bankruptcy Court Approval</u>. This Stipulation is conditioned upon the entry by the Bankruptcy Court of an order approving this Stipulation and authorizing the Debtor to use Cash Collateral as provided herein (the date of the Bankruptcy Court's entry of such order shall be the "Effective Date").

2. <u>Use of Cash Collateral</u>. The Debtor is authorized to use Cash Collateral in accordance with the budget attached hereto as Exhibit 1 (the "Initial Budget") through and including the end of the period covered by the Initial Budget or such further date as may be agreed upon between the Parties in writing, permitted pursuant to orders of the Court, and covered by a Budget (as defined below) (the "Cash Collateral Period"). The Debtor may use Cash Collateral solely to pay the expenses set forth in the Initial Budget and such further budget(s) that may be prepared by the Debtor and approved in writing by BOTS or the Bankruptcy Court (as such budget(s) may be updated or amended by the Debtor with BOTS's written consent, the "Approved Budget(s)"). Actual expenditures during the Cash Collateral Period are not to exceed 115% per budget line item set forth in the controlling Budget for such period (i.e., a 15% cumulative variance); provided, however, that (a) there shall be no permitted variance with respect to any management fees provided therein, and (b) the the total cash expenditures during the Cash Collateral Period shall not exceed 110% of the total budgeted disbursements in the Budget (i.e., a 10% cumulative variance on disbursements). During the Cash Collateral Period, (i) any unused amount for any given line item in the Budget for a particular week shall carry forward and can be used in later weeks, and (ii) any amounts budgeted for a given line item in a particular week through the end of the current Cash Collateral Period may be spent up to two weeks earlier than budgeted, provided the total amount spent for such line item does not exceed the total amount budgeted for that line item with the variance permitted herein. Upon the occurrence of an Uncured Event of Default (as defined herein),

1 the Debtor's authorization to use Cash Collateral shall immediately and automatically terminate
2 without the need for any notice or action.

3     3.    <u>Payments</u>.  The Debtor shall continue to make regular monthly payments to BOTS
4 in the amount of $15,153.63 each, pursuant to the terms of the Note.  Notwithstanding the foregoing,
5 BOTS reserves the right to accelerate the outstanding balance of the Note pursuant to the terms
6 thereof, to the extent permitted under the Bankrputcy Code and applicable non-bankruptcy law.

7     4.    <u>Debtor's Acknowledgements</u>.  As of the Effective Date, the Debtor acknowledges,
8 agree, and stipulates that:

9     a.    As of the Petition Date, the Loan balance was $2,625,058.57 (the "Prepetition
10 Debt").

11     b.    The Prepetition Debt is secured by a valid, perfected, and unavoidable first-
12 priority security interest (collectively, the "Prepetition Liens") in and liens on all of Debtor's right,
13 title, and interest in the Property, together with all existing or subsequently erected or affixed
14 buildings, improvements, and fixtures, all easements, rights of way, and appurtenances, all water,
15 water rights, and ditch rights, and all other rights, royalties, and profits relating to the real property,
16 including without limitation all minerals, oil, gas, geothermal and similar matters; and all of
17 Debtor's right, title, and interest in and to all present and future leases of the Property and all rents
18 from the Property, all as set forth in the Deed of Trust (collectively, "Prepetition Collateral").

19     c.    Pursuant to the loan documents evidencing the Loan (collectively, the
20 "Prepetition Loan Documents"), the Debtor granted to BOTS the Prepetition Liens on the
21 Prepetition Collateral.

22     d.    The Loan, Note, Deed of Trust, and the Prepetition Debt owing to BOTS
23 thereunder constitute legal, valid, and binding obligations of the Debtor, enforceable against it in
24 accordance with their respective terms, and none of the Note, Deed of Trust, or the Prepetition Debt,
25 nor any portion of any of them is subject to avoidance, recharacterization, attack, effect, reduction
26 (except to the extent payments are made), set-off, offset, counterclaim, cross-claim, recoupment,
27 rejection, defenses, disallowance, impairment, recovery, subordination (whether equitable,
28 contractual, or otherwise), or any other claim or challenge pursuant to the Bankruptcy Code or

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

applicable non-bankruptcy law or regulation by any person or entity.

   e. The Prepetition Liens granted to BOTS: (i) constitute legal, valid, binding, enforceable, and properly perfected security interests in and liens on the Prepetition Collateral, (ii) were granted to, or for the benefit of, BOTS for fair consideration and reasonably equivalent value, and (iii) are not subject to any defense, counterclaim, recharacterization, subordination (whether equitable, contractual, or otherwise), avoidance, recovery, attack, recoupment, rejection, reduction (except to the extent payments are made), set-off, disallowance, impairment, counterclaim, cross-claim, defense, or claim pursuant to the Bankruptcy Code or applicable non-bankruptcy law or regulation by any person or entity.

   f. The Debtor agrees that it has no, and it hereby waives any and all, valid claims (including as such term is defined in section 101(5) of the Bankruptcy Code), objections, challenges, causes of action, and/or choses in action against BOTS or any of its successors, assigns, affiliates, subsidiaries, parents, officers, directors, shareholders, employees, attorneys, or agents related to the Loan, the Note, the Deed of Trust, the Prepetition Debt, or the Prepetition Liens whether arising at law or at equity, including, without limitation, any challenge, recharacterization, subordination, avoidance, recovery, disallowance, reduction (except to the extent payments are made), or other claims arising under or pursuant to sections 105, 502, 510, 541, 542 through 553 (inclusive but excluding section 552(b)), or 558 of the Bankruptcy Code or applicable state law equivalents.

   g. The Debtor acknowledges that the Prepetition Debt constitutes an allowed, secured claim within the meaning of sections 502 and 506 of the Bankruptcy Code.

   5. <u>Additional Adequate Protection</u>.  Pursuant to sections 361, 362, 363, and 552(b) of the Bankruptcy Code, and solely to the extent of any post-petition diminution in value with respect to BOTS's Prepetition Liens in the Prepetition Collateral, BOTS shall receive valid, attached, enforceable, perfected and continuing replacement security interests in, and replacement liens upon, all of the Debtor's post-petition rents, to the same extent, validity, and priority as the Prepetition Liens, with such liens to be deemed perfected without the necessity of further action, filing, or recording; provided, however, that the replacement security interests and liens will not attach to Bankruptcy Code Chapter 5 causes of action of the Debtor or the estate and the proceeds thereof.

6. <u>Reporting; DIP Account Funds</u>.  Within five (5) business days after the end of each calendar month, the Debtor will provide to BOTS a cumulative Budget to date, Budget to actual comparison for the prior two calendar weeks, and such other reports and information which BOTS may reasonably request.  Additionally, because the Debtor's debtor-in-possession bank account ("DIP Account") is with PNC Bank, N.A. ("PNC"), the Debtor agrees that BOTS may request and receive information regarding activity in such account directly from PNC.  To the extent any rents or other monies are paid to the Debtor by deposit into an account other than the DIP Account, the Debtor shall promptly, but in no event later than two (2) court days after receipt thereof, cause said rents or other monies to be deposited into the DIP Account.

7. <u>Professional Fees</u>.  Fees and expenses incurred by persons or firms retained by the Debtor pursuant to sections 327, 328, or 363 of the Bankruptcy Code (hereafter, a "Professional"), up to the amounts provided in the Budget(s) and subject to approval of this Court to the extent required under the Bankruptcy Code, all fees required to the be paid to the Clerk of the Court, and all statutory fees of the Office of the United States Trustee, may be paid by the Debtor during the Cash Collateral Period prior to the occurrence of an Uncured Event of Default.

8. <u>Events of Default</u>.  The occurrence of any of the following shall constitute an "Event of Default" herein (a) an order is entered dismissing or converting the Chapter 11 Case, appointing a trustee, or substantively consolidating the Chapter 11 Case with the pending bankruptcy case of another debtor, including, without limitation, MTS, (b) the Debtor fails to comply with any provision of this Stipulation, (c) any order is entered modifying, reversing, revoking, staying, rescinding, vacating, or amending any Court order approving this Stipulation without the express written consent of BOTS, (d) the Debtor becomes delinquent on any real property taxes or insurance obligations concerning the Property, or (e) any tenant of the Property (1) fails to pay rent within 15 days following the date when due under its lease with the Debtor or (2) terminates its lease with the Debtor.  Debtor's failure to cure any Event of Default that is capable of being cured (it being acknowledged by the Parties that an Event of Default under subparagraphs (a) or (c) of the foregoing sentence shall not be capable of being cured) within five (5) business days after receipt of notice of said Event of Default from BOTS shall constitute an "Uncured Event of Default"; <u>provided,</u>

5595560                                      5
STIPULATION AUTHORIZING USE OF CASH COLLATERAL

however, that an Event of Default under subparagraph (e) of the foregoing sentence shall become an "Uncured Event of Default" if the Debtor fails to cure it within fifteen (15) business days after receipt of notice of said Event of Default from BOTS. Upon the occurrence of an Uncured Event of Default, the Debtor's authorization to use Cash Collateral as provided herein shall immediately and automatically terminate without the need for any notice or action. Notwithstanding anything herein to the contrary, nothing in this Stipulation shall limit BOTS from, following a material adverse change, seeking to terminate the use of Cash Collateral, subject to the Debtor's rights in response or opposition thereto.

9. **No Waiver; Reservation of Rights.** Nothing in this Stipulation shall prejudice BOTS's rights under the Bankruptcy Code and applicable non-bankruptcy law, including, without limitation, its rights to (i) request conversion or dismissal of this Chapter 11 Case; (ii) seek relief from the automatic stay under section 362(d) of the Bankruptcy Code; (iii) request appointment of a trustee or examiner; (iv) object to or otherwise oppose any relief or compensation sought by any entity, professional, or party in this Chapter 11 Case; and/or (v) enforce any or all terms and conditions of the Prepetition Loan Documents, as may be limited by the Bankruptcy Code. This Stipulation and the transactions contemplated hereby shall be without prejudice to any and all rights, remedies, claims, and causes of action that BOTS has, or may have, against any party who may be liable with the Debtor for the indebtedness evidenced by the Loan or otherwise under the Prepetition Loan Documents or any part thereof. The execution of this Stipulation shall not be deemed to be an admission, or constitute evidence, in connection with any matter or proceeding other than enforcement of the terms of this Stipulation, including but not limited to (a) any subsequent motion or application for use of Cash Collateral or for approval of debtor-in-possession financing; or (b) any motion, application, or plan, whether filed by the Debtor, BOTS, or any other creditor or party. Except as otherwise expressly provided in this Stipulation, the Parties expressly reserve all of their rights and remedies under the Bankruptcy Code and applicable non-bankruptcy law.

10. **Counterparts.** This Stipulation may be executed in one or more counterparts, all of which together shall be deemed to be a single original.

DATED: March 17, 2025

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: /s/ Roye Zur
ROYE ZUR
LAUREN N. GANS
Proposed Attorneys for Debtor and Debtor-in-Possession Mowbray Waterman Property, LLC

DATED: March 17, 2025

GIANNETTA & ENRICO, LLP

By: /s/ Jessica L. Giannetta
JESSICA L. GIANNETTA
Attorneys for Bank of the Sierra

**EXHIBIT "1"**

**Mowbray Waterman Prop LLC**
13-Week Cash Projection

| | ACTUAL | ACTUAL | ACTUAL | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 5 | 6 | 7 | | | | | | | | | | | | |
| | 2/19/2025 | 2/28/2025 | 3/7/2025 | 3/14/2025 | 3/21/2025 | 3/28/2025 | 4/4/2025 | 4/11/2025 | 4/18/2025 | 4/25/2025 | 5/2/2025 | 5/9/2025 | 5/16/2025 | 5/23/2025 | 5/30/2025 | 6/6/2025 |
| | 0 | 0 | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| **Cash on Hand - BOW** | $ 44,422 | $ 44,422 | $ 44,247 | $ 44,247 | $ 38,455 | $ 73,579 | $ 73,579 | $ 64,200 | $ 33,826 | $ 53,797 | $ 53,797 | $ 44,702 | $ 44,702 | $ 29,549 | $ 64,673 | $ 64,673 |
| **Sources of Cash** | | | | | | | | | | | | | | | | |
| Sales | | | | | | | | | | | | | | | | |
| San Brnd County | | | | | 35,124 | | | | 35,124 | | | | | 35,124 | | |
| PHX 171 S Waterman | | | | 2,080 | | | 2,080 | | | | 2,080 | | | | | 2,080 |
| PHX 686 E Mill | | | | 1,560 | | | 1,560 | | | | 1,560 | | | | | 1,560 |
| PINO 171 S Waterman | | | | 3,640 | | | 3,640 | | | | 3,640 | | | | | 3,640 |
| PINO 686 E Mill | | | | 2,080 | | | 2,080 | | | | 2,080 | | | | | 2,080 |
| Other Income (Bank Interest) | 51.66 | | | | | | 61.32 | | | | 44.83 | | | | | 53.89 |
| **Total Sources of Cash** | 52 | - | - | 9,360 | 35,124 | - | 9,421 | - | 35,124 | - | 9,405 | - | - | 35,124 | - | 9,414 |
| **Uses of Cash** | | | | | | | | | | | | | | | | |
| Prop & Mortgage Costs | | | | | | | | | | | | | | | | |
| Mortage or Rent | | | | 15,153 | | | | | 15,153 | | | | 15,153 | | | |
| Property taxes Mill ST | | | | | | | | 30,374 | | | | | | | | |
| Insurance (Building) OB3-J077798-02 (07/24 -07/25) | | | | | | | | | | | | | | | | |
| Utilities (Gas, Electric, Water, Trash etc) | | | | | | | | | | | | | | | | |
| Other (Repairs and Maint) | | | | | | | | | | | | | | | | |
| **Total Prop & Mortgage Costs** | - | - | - | 15,153 | - | - | - | 30,374 | 15,153 | - | - | - | 15,153 | - | - | - |
| **Admin Services** | | | | | | | | | | | | | | | | |
| Management Fee Robin | | | | | | | 8,000 | | | | 8,000 | | | | | 8,000 |
| Franchise Tax Board | | 226 | | | | | 3,300 | | | | | | | | | |
| Other and Bank Fees | | | | | | | | | | | | | | | | |
| **Total Admin Services** | - | 226 | - | - | - | - | 11,300 | - | - | - | 8,000 | - | - | - | - | 8,000 |
| **Professional Services** | | | | | | | | | | | | | | | | |
| Legal Ordinary (Fullerton) | | | | | | | 500 | | | | 500 | | | | | |
| Legal CKB Vienna | | | | | | | 2,000 | | | | 2,000 | | | | | 2,000 |
| Legal BK | | | | | | | 5,000 | | | | 5,000 | | | | | 5,000 |
| Accounting (Soren McAdam Tax CPAs) | | | | | | | | | | | 3,000 | | | | | |
| **Total Professional Services** | - | - | - | - | - | - | 7,500 | - | - | - | 10,500 | - | - | - | - | 7,000 |
| **Total Uses of Cash** | - | 226 | - | 15,153 | - | - | 18,800 | 30,374 | 15,153 | - | 18,500 | - | 15,153 | - | - | 15,000 |
| **Net Cash Inflow (Outflow)** | | (174) | | (5,793) | 35,124 | - | (9,379) | (30,374) | 19,971 | - | (9,095) | - | (15,153) | 35,124 | - | (5,586) |
| **Cash on Hand - EOW** | $ 44,422 | $ 44,247 | $ 44,247 | $ 38,455 | $ 73,579 | $ 73,579 | $ 64,200 | $ 33,826 | $ 53,797 | $ 53,797 | $ 44,702 | $ 44,702 | $ 29,549 | $ 64,673 | $ 64,673 | $ 59,087 |



Information Reporting Balances

Current Day | Previous Day

As of Date: Friday, March 7, 2025
Select an account to review details.

| Account | Closing Available | Opening Available |
|---|---|---|
| 3802762035 MOWBRAY WATERMAN PROPERTY LLC | 44,247.49 | 44,247.49 |

3/13/2025

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10345 W. Olympic Blvd., Los Angeles, California 90064

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION AUTHORIZING USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 18, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lauren N Gans**   lgans@elkinskalt.com, TParizad@elkinskalt.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Ahren A Tiller**   ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 18, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 18, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert, Chief Judge
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 18, 2025 | Lauren B. Wageman | /s/ Lauren B. Wageman |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE
5598668

**2. SERVED BY UNITED STATES MAIL**:

| | | |
|---|---|---|
| Mowbray Waterman Property, LLC<br>686 E. Mill St.<br>San Bernardino, CA 92408-1610 | United States Trustee (SA)<br>411 W Fourth St., Suite 7160<br>Santa Ana, CA 92701-4500 | Acrisure SouthWest Region<br>27174 Newport Rd Suite 3<br>Menifee, CA 92584-7384 |
| Banderas Plumbing<br>26294 23rd St<br>Highland, CA 92346-2016 | Bank of the Sierra<br>26328 Citrus St<br>Valencia, CA 91355-5323 | Bank of the Sierra<br>Elliott Miller<br>PO Box 1930<br>Portervilla, CA 93258-1930 |
| Bank of the Sierra<br>PO Box 1930<br>Porterville, CA 93258-1930 | Bank of the Sierra<br>c/o Giannetta & Enrico, LLP<br>Attn: Jessica L. Giannetta<br>7522 N. Colonial Ave., Suite 100<br>Fresno, CA 93711-5874 | California Fair Plan Property Ins<br>3440 Flair Drive<br>El Monte, CA 91731-2823 |
| County of San Bernardino<br>Real Estate Services Department<br>385 N Arrowhead Avenue Third Floor<br>San Bernardino, CA 92415-0180 | Daart Engineering<br>4100 Garner Rd<br>Riverside, CA 92501-1004 | Franchise Tax Board Bankruptcy<br>MS A340 PO Box 2952<br>Sacramento, CA 95812-2952 |
| Fullerton Lemann Schaefer Dominick<br>PO Box 1271<br>San Bernardino, CA 92402-1271 | Gloria Mowbray Sep Prp Trust co<br>Robin Mowbray<br>960 Sunset Hill Lane Redlands, CA 92373-6963 | Hanover Insurance Group<br>2 Macarthur Pl 200<br>Santa Ana, CA 92707-7703 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | On Call Terminte Pest Control<br>PO Box 7667<br>Redlands, CA 92375-0667 | PNC Bank<br>901 Via Piemonte<br>Ontario, CA 91764-6596 |
| PNC Bank<br>Commercial Lending Operations<br>PO Box 747046<br>Pittsburg, PA 15274-7046 | PNC Bank<br>PNC Bank Commercial Asset Team<br>201 E Pine Street Suite 100<br>Orlando, FL 32801-2714 | Pennington LLP<br>One Sansome Street Suite 3500<br>San Francisco, CA 94104-4436 |
| Peters Jepson Partnership Inc<br>24465 Via Arriba Linda<br>Yorba Linda, CA 92887-4908 | Phoenix Traffic Management Inc<br>686 E Mill Street Second Floor<br>San Bernardino, CA 92408-1610 | Pino Tree Service Inc<br>686 E Mill Street Second Floor<br>San Bernardino, CA 92408-1610 |
| Robin Mowbray<br>960 Sunset Hill Ln<br>Redlands, CA 92373-6963 | Ronnie D Jordan<br>co Cantazarite Law Corp<br>2331 West Lincoln Avenue<br>Anaheim, CA 92801-5132 | SB Business Registration<br>PO Box 1318<br>San Bernardino, CA 92402-1318 |
| Sacramento County Tax<br>PO Box 508 S<br>Scramento, CA 95812-0508 | San Bernardino Cnty Tax Collector<br>268 W Hospitality Ln 1St Flr<br>San Bernardino, CA 92415-0900 | Soren McAdam<br>2068 Orange Tree Ln Suite 100<br>Redlands, CA 92374-4555 |
| The Original Mowbrays Tree Service<br>686 E Mill St Second Floor<br>San Bernardino, CA 92408-1610 | The Original Mowbrays Tree Service<br>CRO Force Ten Partners LLC<br>271 California Ave Suite 270<br>Irvine, CA 92617 | Torres Glass Window<br>738 S Waterman Av B28<br>San Bernardino, CA 92408-2364 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
5598668

**F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| Van Beurden Insurance Service Inc<br>PO Box 67<br>Kingsburg, CA 93631-0067 | Wells Fargo Mortgage<br>PO Box 14411<br>Des Moines, IA 50306-3411 | Ana Lidia Gomez<br>c/o BLC Law Center, APC<br>1230 Columbia St. Suite 1100 San Diego, CA 92101-8517 |
| Jaime Rodriguez<br>c/o BLC Law Center<br>1230 Columbia St. Suite 1100<br>San Diego, CA 92101-8517 | | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

5598668

**F 9013-3.1.PROOF.SERVICE**